Hernandez-Hernandez v. Bondi

BIA
Auh, IJ
A220 290 169/170/171

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of April, two thousand twenty-five.

PRESENT:
RICHARD C. WESLEY,
RAYMOND J. LOHIER, JR.,
BETH ROBINSON,
*Circuit Judges.*

_____

MILTON DANIEL HERNANDEZ-HERNANDEZ, LIGIA MARIELA MOPOSITA-YANCHATUNA, S.D. H-M,
*Petitioners,*

v.                                                            **23-7314**
                                                             **NAC**

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,

*Respondent.**

_____

**FOR PETITIONERS:**    Michael Borja, Borja Law Firm, P.C., Jackson Heights, NY.

**FOR RESPONDENT:**    Brian M. Boynton, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Andrew N. O'Malley, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Milton Daniel Hernandez-Hernandez, his wife, Ligia Mariela Moposita-Yanchatuna, and their minor son, natives and citizens of Ecuador, seek review of a September 14, 2023 decision of the BIA affirming an April 21, 2022 decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Milton Daniel Hernandez-Hernandez, et al.*, Nos. A220 290 169/170/171 (B.I.A. Sept. 14, 2023),

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Pamela Bondi is automatically substituted for former Attorney General Merrick B. Garland as Respondent. Because petitioner S.D. H-M is a minor, the Clerk of Court is directed to amend the caption as set forth above.

*aff'g* Nos. A220 290 169/170/171 (Immig. Ct. N.Y. City Apr. 21, 2022).   We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision as modified by the BIA.   *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005).   We review an adverse credibility determination "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

**I.       Adverse Credibility Determination**

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor."   *Id.* § 1158(b)(1)(B)(iii).   "We defer . . . to an IJ's credibility determination unless, from the totality of the

circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76–77. Substantial evidence supports the agency's adverse credibility determination.

First, the agency reasonably relied on Hernandez-Hernandez's omission of material information from his amended statement and initial testimony. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (allowing reliance on "any other relevant factor"). We have cautioned that "in general omissions are less probative of credibility than inconsistencies created by direct contradictions in evidence and testimony." *Hong Fei Gao*, 891 F.3d at 78 (quotation marks omitted). But "the probative value of a witness's prior silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose." *Id.* Hernandez-Hernandez attached a two-page written statement, in which he discussed incidents in which he was bullied in elementary school because of his indigenous ethnicity, and in which he identified an assault, property damage, an attempted kidnapping of his son, and threats when he was an adult in 2020 and 2021. But his written statement did not describe the incidents as an adult being related to his ethnicity, and he testified that he did not know the reason for those

4

attacks. He did not link the attacks to being indigenous until questioned by the IJ at the end of the hearing.

The agency did not err in finding this omission material, given the nexus required for asylum. *See id.* at 78–79; *see also* 8 U.S.C. § 1158(b)(1)(B)(i) (placing burden on applicant "to establish that . . . race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant"); *cf. Singh v. Garland*, 6 F.4th 418, 431 (2d Cir. 2021) ("The more serious the inconsistency—*i.e.*, the greater the importance of the fact upon which inconsistency is found for the success of the petition and the more likely it is that a truthful account would not have included the inconsistency—the more substantial that evidence is in casting doubt on the petitioner's credibility.").

And Hernandez-Hernandez did not compellingly explain the omission when asked about the motive for the attack at the hearing. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted) (emphasis in original)).

Because the agency concluded based on substantial evidence that the above

omission called Hernandez-Hernandez's credibility into question, the agency did not err in considering the absence of corroboration of motive in the form of documentary evidence or testimony from his wife. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

Second, the agency reasonably relied on an inconsistency between Hernandez-Hernandez's testimony and amended statement. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Hernandez-Hernandez testified that one year after the December 2020 assault, the same men threw a rock through his window with a written death threat, broke into his home, and tried to kidnap his son. In contrast, he wrote in his amended statement that the rock was thrown through the window in April 2021. The IJ was not required to accept his explanation that he was confused by stressful events and unable to recall details given that he knew the dates when drafting and amending his written statement. *See Majidi*, 430 F.3d at 80. Moreover, he offered no corroboration of the events, of any medical care he received, or to confirm that he had suffered head trauma and had continuing

6

memory issues.  *See Biao Yang*, 496 F.3d at 273.

Taken together, the omission, inconsistency, and lack of reliable corroboration provide substantial evidence for the agency's adverse credibility determination.  *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an [individual] from showing that an IJ was compelled to find him credible.  Multiple inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273.  Because Hernandez-Hernandez's claims for asylum and withholding of removal rest on the same factual predicate, the adverse credibility determination was dispositive of those forms of relief, and the agency was not required to perform a separate analysis for withholding of removal.  *See Hong Fei Gao*, 891 F.3d at 76.

**II.  CAT Relief**

To succeed on a CAT claim, an applicant must show that he would "more likely than not" be tortured by or with the acquiescence of a government official.  8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1).  In assessing the likelihood of torture, "all evidence relevant to the possibility of future torture shall be considered, including, but not limited to . . . [e]vidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be

7

tortured." *Id.* § 1208.16(c)(3)(ii). An applicant's "ability to relocate internally means that he cannot establish a likelihood of torture." *Singh v. Garland*, 11 F.4th 106, 118 (2d Cir. 2021).

The BIA denied CAT relief because, among other reasons, Hernandez-Hernandez did not challenge the IJ's finding that he did not meet his burden to establish that he could not relocate. Hernandez-Hernandez has abandoned review of that dispositive finding by not challenging it here. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)). Because Hernandez-Hernandez has not challenged the finding that he can avoid the danger he fears by relocating within Ecuador, we cannot grant relief on his CAT claim.

For the foregoing reasons, the petition for review is **DENIED**. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8